IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 10-233 |
| | ) |
| DEWAYNE J. JOSEPH | ) |

**Memorandum Opinion and Order**

Defendant DeWayne J. Joseph has filed a Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1). ECF No. 1205. The government has filed a response opposing the motion, to which Mr. Joseph has filed a Reply. ECF Nos. 1207, 1211. On October 24, 2011, Mr. Joseph pleaded guilty to one count of conspiracy to possess with intent to distribute and distribution of 5 kilograms or more of cocaine and 280 grams or more of cocaine base. ECF No. 498, 499. His calculated guideline sentence range was 188 to 235 months' imprisonment. The Honorable Judge Donnetta Ambrose imposed a sentence of 200 months' imprisonment, to be followed by five years of supervised release. On July 7, 2016, Mr. Joseph's sentence was reduced from 200 months to 151 months based upon application of retroactive guideline amendments that reduced his guideline range. Mr. Joseph began his five-year term of supervised release on October 27, 2021.

    **I.**    **Applicable Law**

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may "terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release," if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when

determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted).

In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)[1]. "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Melvin*, 978 F.3d at 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).

The United States Sentencing Guidelines § 5D1.4(b), in accord with 18 U.S.C. § 3583(e)(1), states that a court may terminate a defendant's remaining term of supervised release "[a]ny time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision." § 5D1.4(b). The Guidelines recommend that the determination should be made, "following consultation with the government and the probation officer." § 5D1.4(b). Amendment 835 to the United States Sentencing Guidelines, effective November 1, 2025, added the following guidance to courts reviewing early termination motions:

> (B) <u>Early Termination</u>. — When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:
> (i) any history of court-reported violations over the term of supervision; (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-

---

[1] The select factors under 18 U.S.C. § 3553(a) are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2)(B) the need to afford adequate deterrence to criminal conduct, (2)(C) to protect the public from further crimes of the defendant, (2)(D) to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; 4(B) the applicable guidelines or policy statements issued by the Sentencing Commission, (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

>solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
>
>(iii) the defendant's substantial compliance with all conditions of supervision;
>
>(iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
>
>(v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
>
>(vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

U.S.S.G. § 5D1.4, comment. n.1(B).

Finally, although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53.[2]

### III. Discussion

Mr. Joseph argues that early termination of his supervised release is warranted based upon the facts that he has complied with the conditions of his supervised release, he has maintained steady employment, has met all of his financial obligations, and has rebuilt his family relationships. He expresses his remorse for his past actions and is committed to a law-abiding life. He further points to the fact that he is actively working towards obtaining his

---

[2] To be clear, the Court acknowledges that, even in the absence of new circumstances, it has the discretion to terminate supervision early. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

Class A Commercial Driver's License, he is well-integrated into his community, and he serves as a positive example for his loved ones.

The probation officer is opposed to the early termination of Mr. Joseph's supervised release, citing, in part, the fact that Mr. Joseph had a positive drug test in April 2025 (discussed below). In opposing termination of supervised release, the government argues that Mr. Joseph has not identified any circumstance sufficient to warrant early termination of his supervised release; and, in any event, the government argues that section 3553(a) factors warrant denial of the motion. The government also cites the dangerous nature of Mr. Joseph's offense of conviction, his criminal history, his demonstrated obstruction of justice, his infractions while incarcerated, and his alleged non-compliance with his conditions of supervision.

The government alleges that Mr. Joseph had a positive drug test in April 2025. Mr. Joseph, however, responds that said test was "dilute" and therefore does not count as a positive drug test. The Probation Office reported to the Court that Mr. Joseph provided a urinalysis for testing on April 28, 2025. The test returned presumptively positive for cocaine and the sample was also found to be diluted. The test was sent out for confirmation and was returned as a confirmed positive for cocaine on May 16, 2025. Mr. Joseph, in his Reply, purports to cite to exhibits that support his position, such as a United States Probation Office memo dated May 2, 2025, but there are no exhibits on the docket attached to his Reply. Mr. Joseph does not acknowledge that the test was confirmed to be positive on May 16, 2025.

Next, Mr. Joseph refers to two of his co-defendants who were allegedly granted early termination of their supervised release. Reply, ECF No. 1211, at 3-4 "Co-defendants: Both

4

granted early termination after 3 yrs (Doc. 1189, 1192)." However, the cited docket entries are not evidence of a court granting early termination of supervised release.[3] The Court cannot otherwise find any indication on the docket that any co-defendant in this case was granted early termination of their supervised release.

Finally, the government refers to a November 2021 disorderly conduct charge, to which Mr. Joseph pleaded guilty. Mr. Joseph claims that the disorderly conduct charge occurred because he was playing loud music at 1:00 am. Mr. Joseph asserts that the charge was later dismissed after he performed community service. The Court has not been provided with any evidence of a noise-related disorderly conduct charge filed against Mr. Joseph.

The only evidence of law enforcement contact provided to the Court, is a November 18, 2021 Probation Office Report notifying the Court that, on November 1, 2021, Mr. Joseph was in a three-car accident. Charges against Mr. Joseph were filed on November 6, 2021.[4] According to the Probation Officer, on March 3, 2022, all charges were withdrawn except for a disorderly conduct charge. The disorderly conduct charge was transferred to a "non-traffic docket" on March 3, 2022.[5] Mr. Joseph pleaded guilty to disorderly conduct in violation of 18 Pa. Cons. Stat. § 5503(a)(4). A disorderly conduct charge in violation of subsection (a)(4) is

---

[3] Document No. 1189 is a Letter from the Clerk's Office to Damel Gaines explaining that his motion for reduction of sentence under Amendment 821 has been forwarded to the Federal Public Defender's Office for review. Document No. 1192 is a "court only" entry, which, in this case is a note indicating that the Federal Public Defender's Office had completed its review of Mr. Gamel's motion.

[4] The Probation Officer reported: "On November 6, 2021, the following charges were filed at Docket Number MJ-05214-CR-0000493-2021, OTN: G 898860-4; False Reports to Law Enforcement Authority (M3), Accident Involving Damage to Attended Vehicle or Property (M3), Required Financial Responsibility (S), Reckless Driving (S), and Failing to Stop and Give Information or Render Aid (S).

[5] Magisterial District Court Docket at Docket Number: MJ-05214-NT-0001061-2021.

defined as conduct that "creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." 18 Pa. Cons. Stat. § 5503(a)(4).[6]

For purposes of determining whether early termination of supervision is warranted, the Court finds sufficient indicia of reliability that Mr. Joseph engaged in conduct with law enforcement on November 1, 2021, that was contrary to the terms of his supervision. In addition, his conviction for disorderly conduct and his April 2025 positive drug test are also contrary to the terms of his supervision.

Our standard for evaluating whether early termination is warranted is broad: we are to determine whether the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Mr. Joseph has been generally compliant with the terms of his supervision; however, the fact of compliance alone is unlikely to be sufficient to warrant the early termination of supervised release in most cases. Further, there is no evidence that Mr. Joseph's terms of supervision are either too harsh or inappropriately tailored to serve general punishment and rehabilitation goals, or to protect the public.

Mr. Joseph's offense of conviction is serious – large scale drug distribution of powder cocaine and crack cocaine. He received a significant sentence. As noted, the sentencing court initially imposed a term of imprisonment of 200 months, which was twelve months higher than the low end of the guideline range. The sentencing court also determined that the statutorily mandated five-year term of supervised release was appropriate in Mr. Joseph's

---

[6] In contrast, a disorderly conduct charge for excessive noise falls under subsection 5503(a)(2), which states that a person is guilty of disorderly conduct if he "(2) makes unreasonable noise." 18 Pa. Cons. Stat. § 5503(a)(2).

case. When the guidelines were amended, Mr. Joseph was the beneficiary of a re-sentencing hearing in which his sentence was reduced to 151 months, which was the low end of the amended guidelines range. The government had argued for a higher, proportional, sentence of 160 months. Although the amended sentence was a reduction from 200 months, at 151 months, the sentence remains a significant term of imprisonment, reflecting, in part, the seriousness of the offense as well as Mr. Joseph's criminal history. The sentencing court also imposed the five-year statutory term of imprisonment upon resentencing.

An individualized assessment of Mr. Joseph's circumstances leads the Court to conclude that continued supervision is appropriate under section 3583(e)(1). Mr. Joseph has been mostly successful while on supervised release and appears to be working to continue to rehabilitate and improve himself. While laudable, Mr. Joseph's successes are exactly what supervised release contemplates. As noted above, though, Mr. Joseph did engage in conduct in violation of his supervised release, he pleaded guilty to disorderly conduct, and he tested positive for cocaine in April 2025.

As stated above, the large-scale drug conspiracy Mr. Joseph was convicted of is a serious offense that warrants Mr. Joseph serving out the entire statutorily required term of supervised release.[7] At this point, there is less than a year remaining on the five-year supervision term. The Court acknowledges that supervised release presents burdens and barriers for defendants. However, there is no evidence that Mr. Joseph' conditions of supervision are either too harsh or inappropriately tailored to serve general punishment and rehabilitation goals, deterrence, protection of the public, and punishment goals of sentencing,

---

[7] The Court recognizes that it has the power to terminate a statutorily mandated term of supervised release prior to the expiration of the term.

when considering the nature of the offenses he committed. Again, Mr. Joseph's general compliance with the terms and conditions of his supervision, alone, in this case, is not a sufficient reason to warrant the early termination of the five-year term of supervised release. Furthermore, given that there is less than a year remaining on Mr. Joseph's supervised release term, it presents present a perfect opportunity for Mr. Joseph and his Probation Officer to work together to plan for his transition off of supervision to ensure his success.

The Court concludes that the original term of supervision remains an appropriate term of supervised release in this case. After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), the relevant factors set forth in 18 U.S.C. § 3553(a), and the factors set forth in § 5D1.4, comment. n.1(B), the Court concludes that early termination of Mr. Joseph's supervised release is not warranted.

Accordingly, the following Order is hereby entered.

AND NOW, this 16th day of January 2026, it is hereby ORDERED, that DeWayne Joseph's Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1, ECF No. 1205, is DENIED.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

Dewayne Joseph
118 Maryland Avenue
West Mifflin, PA 15122